ROWLAND SOYE AND OTHERS v. SAMUEL A. MAVERICK.

Where the father and mother died at Bexar in 1834, and in 1838 a headright certificate was issued by the Board of Land Commissioners to the administrator of the father for the use and benefit of the heirs, which certificate was confirmed by the traveling board in 1840 : Held, that the certificate was assets of the father's estate, and that a sale thereof by the administrator by order of the Probate Court, in 1840, to pay debts, was valid.

Appeal from Bexar.    Tried below before the Hon. Thomas J. Devine.

This was a suit by the same plaintiffs as in preceding case, to recover from the defendant the headright of their father John Soye and the land in the concession to Valdez. The facts are all stated in the report of the other case. The statement of facts, in this case, as to the issue of the certificate of John Soye's headright was as follows : The plaintiffs proved by the records of the County Court of Bexar county, that the headright of John Soye was granted to the administrator, John McMullen, by the Board of Land Commissioners in 1838, for the use and benefit of the heirs, and that the same was confirmed by the Traveling Board in 1840.

*Waul & Wilson,* and *I. A. & G. W. Paschal,* for appellants.

*Denison & Newton,* for appellee.

WHEELER, J. The only question presented by the record, which has not been disposed of in the case of the same plaintiffs against McCallister et al., (*supra,*) is whether the headright certificate of John Soye, issued to his administrator in 1838, was assets in the hands of the administrator. We are of opinion that it was. The petition alleges that the ancestor of the plaintiffs was legally entitled to the land, for which, after his death, the certificate issued to his administrator, for the use and benefit of his heirs, the plaintiffs. The grant was in the right of the ancestor. It was made to the administrator as his legal representative. It was for the benefit of the heirs ; and descended to them in like manner as the other estate of their ancestor, which they inherited, subject to the fulfilment of his obligations, and the payment of his debts.

The present is plainly distinguishable from the cases of Roan v. Raymond, and Eastland v. Lester (15 Tex. R. 78 and 98.) There, the grant was a gratuity bestowed upon the grantee by the State ; not in consequence of any pre-existing legal right, but as a bounty voluntarily bestowed. And it was held that this

gratuity did not become assets in the hands of the adminis-
trator. The present is a different case. Here the grant was
in right of the ancestor as one entitled under the law. It
therefore does not come within the principle of those cases.

We are of opinion that there is no error in the judgment,
and it is affirmed.

Judgment affirmed.