## MOKE & BROTHER v. EMILY W. BRACKETT ET AL.

The case of Tucker v. Brackett (*ante* 336) referred to, and the rulings approved relative to the liability of the surviving wife for community debts, and the effect thereon of the grant of administration on the estate of her deceased husband. (Paschal's Dig., Arts. 4646 to 4653, Notes 1053 to 1055.)

Judgment on a community liability was recovered in the District Court against a surviving wife, who had filed in the county court an inventory of the community property, but had not obtained letters of administration on her husband's estate; which judgment she took to the Supreme Court on writ of error. Pending the cause on error in the Supreme Court, she was appointed administratrix of her husband's estate, but no suggestion of this change in her representative capacity was made to the Supreme Court, and the judgment was there affirmed against her and her surety on the bond in error: *Held*, that the judgment of affirmance, though correct, when tested by the record on which it was rendered, was erroneous in fact, by reason of the change in the representative character of the party against whom it was rendered; that though thus erroneous it was not void, but simply voidable, as in the analogous cases of judgments rendered in favor of or against a *feme covert* appearing on the record as a *feme sole*, or in favor of or against a dead man, when the fact of marriage or death was not apparent on the record. The proper mode of correcting an error of this character is by a proceeding in the nature of a writ of error *coram nobis*, in the court where the error was committed. The case of Martel v. Hernsheim (9 Tex., 294) referred to as illustrative of the correct practice in such cases.

Subsequent to the affirmance of the judgment as above indicated, the surviving wife and then administratrix, and her surety on the writ of error bond, instituted suit in the District Court to enjoin execution of said judgment and for general relief. The District Court perpetuated the injunction, but

decreed that the judgment be certified to the county court for payment in due course of administration: *Held*, that the District Court, having obtained full jurisdiction at the instance of the only parties who could complain of the error committed in the affirmance of the judgment, did not err in enforcing equity against them by establishing the judgment as a claim against the estate, thus substantially correcting the error in the affirmance of the judgment, and placing all parties in the position they would have occupied if no error had been committed. But *held*, further, that the decree of the District Court, though correct in enjoining the judgment as against the surviving wife, was erroneous in also enjoining it against her surety on the writ of error bond, thereby operating to discharge him from his liability; that as to him the injunction should have been dissolved, and judgment should also have been rendered against him and the sureties on the injunction bond, with an award of execution thereon. For which errors the judgment rendered below is reversed and reformed in this court.

Appeal from Bexar. The case was tried before Hon. Thomas J. Devine, one of the district judges.

This suit was commenced by the appellees, Emily W. Brackett and Samuel S. Smith, on the 4th of June, 1860, to enjoin execution of a judgment in favor of appellants, originally rendered against Emily W. Brackett, as surviving wife of O. B. Brackett, deceased, for some $180, which judgment was affirmed on error in the Supreme Court against Mrs. Brackett and Smith, her surety on the writ of error bond. While that case was pending in the Supreme Court, Mrs. Brackett was appointed administratrix of the estate of her deceased husband, but this fact was not brought to the knowledge of the Supreme Court, whose judgment of affirmance was consequently rendered without reference to it.

Execution having been issued upon the judgment as affirmed, and being levied on property of Smith, he and Mrs. Brackett brought the present suit for an injunction, setting forth the grant of administration to Mrs. Brackett on her husband's estate, and other matters not necessary to particularize.

At the spring term, 1861, the cause was submitted to the court without a jury, and a decree was rendered perpetuat-

ing the injunction, and directing the judgment enjoined to be certified to the county court for payment, in due course of the administration of O. B. Brackett's estate. The defendants below, E. and L. Moke, moved to amend the decree, so as to dissolve the injunction and render judgment in their favor against the plaintiffs and their sureties on the injunction bond. This motion was overruled, and the defendants appealed.

*Wilcox & Leigh*, for the appellants.

No brief for the appellees.

COKE, J.—After the death of O. B. Brackett and the filing of the inventory and appraisement of the community property in the county court, the appellee, E. W. Brackett, became the representative of the community, and liable as such to be sued for the community debts. (O. & W. Dig., 812, 816.)

Upon certain contingencies, named in article 814, the county court was authorized to grant administration, which authority is presumed to have been properly exercised in this case when E. W. Brackett was appointed administratrix.

On the opening of this administration, the power of control, management, and disposition, up to this time held and exercised by Mrs. Brackett as survivor, ceased to exist, and the estate passed under the jurisdiction of the county court for the purposes of administration and settlement. The judgment of 22d October, 1858, in the District Court, against Mrs. Brackett, as surviving wife, and all the proceedings thereon up to the time of her appointment as administratrix, are clearly correct. The case of Tucker, administrator v. Brackett, decided by this court at this term, (*ante*, 336,) is decisive of this in that respect.

After the original judgment was taken to the Supreme

Court, and before its affirmance, this change in the representative character of Mrs. Brackett, from surviving partner and representative of the community, to administratrix of the estate of O. B. Brackett, deceased, occurred; and the judgment was affirmed on the record as it went up, without any suggestion, as we presume, of the change being made in that court. The judgment of affirmance, when tested by the record on which it was rendered, is correct. But by reason of this outside fact, not shown in the record, the change in the representative character of Mrs. Brackett, it is erroneous in fact. It is well settled by the decisions of this court, that a judgment in favor of or against a *feme covert*, suing as a *feme sole*, or in favor of or against a dead man, is manifestly erroneous as soon as the fact appears. But it is believed to be equally well settled, that such a judgment is only voidable, not void, when the fact does not appear by the record. (Grassmeyer v. Beeson, 18 Tex., 753; Mills v. Alexander, 21 Tex., 154; Thouvenin v. Rodrigues, 24 Tex., 468.)

The judgment in question stands upon precisely the same footing, and is equally embraced in the principle of these authorities. It is believed that the proper mode of correcting an error of this character in a judgment is by a proceeding in the nature of a writ of error, *coram nobis*, in the court in which the error was committed. Such is the usual remedy, and would seem to be the one most consonant with correct principle. (3 Salk., 145; Chase v. Ribalin, 1 J. J. Marsh., 29; Weaver v. Shaw, 5 Tex., 289; Martel v. Hernsheim, 9 Tex., 294.)

In Martel v. Hernsheim, where this court affirmed a judgment in 1849, and in 1852 it was made to appear to the satisfaction of the court that at the time of the affirmance the appellee was dead, the court vacated and annulled the judgment of affirmance, revoked the mandate, and continued the case, as on suggestion of the death of the appellee, for want of parties. This we believe to be the correct

mode of procedure in such cases.   And similar steps should
have been taken by the appellants to have the error in this
judgment corrected.

But this proceeding was instituted in the District Court,
by the appellees invoking the interposition of the equitable
powers of the court for their protection against the oper-
ation of an execution issued on this judgment, a judgment
which, it may be remarked, was erroneously rendered only
because of their failure to inform the court of a fact pecu-
liarly within their knowledge, and essential to a proper
adjudication of the case they had carried there.

The jurisdiction of the District Court having properly
attached, for the purpose of granting the relief sought, all
the parties in interest, and all the facts of the case being
before it, that court had full power to consider, act upon,
and dispose of the whole case, and, while relieving the
appellees on one hand from the operation of an execution
issued on an erroneous judgment, on the other to dispense
equity to the appellants, and impose just conditions on the
relief granted appellees, by correcting the error in this
judgment, so that its collection might be legally enforced.

This jurisdiction was called into play and these powers
of the court invoked by the appellees, the only parties
having a right to impeach or complain of this judgment;
and, as they sought equity in this tribunal, they cannot
complain that they have been compelled to do equity, that
they have been placed in reference to this judgment in the
same position that they would have occupied had they, as
they should have done, given proper information of the
facts to the court before its affirmance, and no error been
committed.

We are of the opinion that the judgment of the court
below, so far as concerns the appellee, Emily W. Brackett,
perpetuating the injunction against her as surviving wife
of O. B. Brackett, deceased, and certifying the judgment
to the probate court of Bexar county to be paid in due

course of administration of the estate of said O. B. Brackett, is correct. But in so far as it perpetuates the injunction as to Samuel S. Smith, the other appellee, it is erroneous.

We can perceive nothing in the record entitling him to the discharge which this judgment gives him from his liability as surety on the appeal bond. The judgment of affirmance was entered against principal and surety, and, when corrected as to Emily W. Brackett, administratrix, the principal, reinstated the liability of Smith the surety, as well as that of the estate of Brackett.

As to Smith, the injunction should have been dissolved, and judgment rendered against him and the sureties on the injunction bond, and the appellants left free to enforce it by execution.

For this error the judgment is reversed and reformed here to conform to this opinion.

REVERSED AND REFORMED.