MARY A. AND J. E. HOLLINGSWORTH v. SAMUEL C. DAVIS ET AL.

(Case No. 1652.)

1. EXECUTION AGAINST SURVIVOR IN COMMUNITY.— Upon a judgment against the survivor in community for a community debt, execution can issue to be levied on the community estate; and this whether the execution be so directed or not. Citing Carter v. Conner, 60 Tex., 52.

2. JUDGMENT — PROBATE MATTERS.— A judgment rendered by a court of competent jurisdiction against the widow, she being the survivor in community, for a community debt, on pleadings asking that the community property be made subject to its payment, is in effect a judgment against the survivor of the marital partnership (she being also legatee under the will), to be levied of the firm estate in her possession. If the property be in the hands of an administrator, it could only be reached after the claim was accepted by the administrator and approved by the county court. Citing Moke v. Brackett, 28 Tex., 443, and Tucker v. Brackett, id., 337.

3. SAME.— On the granting of letters of administration to a third party, the wife's control over the community estate ceases, and the estate passes under the jurisdiction of the county court for administration and settlement; along with it also passes the liability for all debts that are a charge on such estate.

4. JUDGMENT.— A creditor is entitled to have a judgment obtained against a survivor in community established against the community estate in the hands of a subsequent administrator. To do this the judgment should be presented for approval and allowance to the administrator, and to the county court, to be paid out of the community estate.

APPEAL from Johnson. Tried below before the Hon. Jo Abbott.

This was an appeal from a judgment of the district court of Johnson county, May term, 1883, allowing a claim of S. C. Davis & Co., appellees, against the estate of S. P. Hollingsworth, deceased.

In December, 1879, S. P. Hollingsworth, a resident of Johnson county, died, having made his will, by which he gave to M. A. Hollingsworth his entire estate.

On the 16th of May, 1880, she presented the will to the county court of Johnson county, and after due process, etc., it was probated.

No administration was taken out by M. A. Hollingsworth.

On the 17th of July, 1882, in term time, administration with the will annexed was granted to D. T. Bledsoe upon the estate of S. P. Hollingsworth, deceased.

Sam'l C. Davis & Co. filed as a claim against the estate of S. P. Hollingsworth, in the county court of Johnson county, a decree of the circuit court of the United States at Dallas, Texas, rendered at the December term, 1881, in favor of Sam'l C. Davis & Co., against M. A. Hollingsworth, for $1,096, with interest.

The appellants contested this decree as a claim against the administrator of S. P. Hollingsworth, and upon issue made and trial thereof the county court decided that it was a valid claim against the estate of S. P. Hollingsworth. Thereupon an appeal was taken by contestants to the district court, which established the claim against the estate of S. P. Hollingsworth in the hands of the administrator.

The judgment of the district court was as follows: "It is therefore considered by the court that the decree of the United States circuit court, northern district of Texas, numbered and styled as follows: No. 8, chancery. Samuel C. Davis & Co. v. Martha A. Hollingsworth, for the sum of one thousand and ninety-six dollars, dated January 28, 1882, with ten per cent. interest from date, be and the same is established as a valid claim in favor of said Samuel C. Davis & Co., and against the estate of the said S. P. Hollingsworth, for the sum of one thousand and ninety-six dollars, with interest thereon from the 28th day of January, 1882, at the rate of ten per cent. per annum, to be paid in due course of administration," and judgment for costs against M. A. and J. E. Hollingsworth, and execution therefor upon the trial in the district court. Samuel C. Davis & Co. offered in evidence certified copies of the record in the circuit court of the United States at Dallas, Texas, in the case of Samuel C. Davis & Co. v. M. A. Hollingsworth, consisting of bill in chancery by Davis & Co., complainant, against M. A. Hollingsworth, filed May 19, 1880; the answer of M. A. Hollingsworth, and the final decree of the court in favor of the complainants and against defendant M. A. Hollingsworth.

The certificates of the record were in proper form, and there was no objection on that account; but contestants objected to the decree and to the pleadings in said transcript of Samuel C. Davis & Co. v. M. A. Hollingsworth, and to each separately, as evidence against the administrator in this case, and moved the court to exclude the same as incompetent and illegal. The motion to exclude which was overruled, the transcript read in evidence, and defendants thereupon filed their bills of exceptions.

Other facts regarding the character of the estate appear in the opinion.

*White & White* and *De Berry & Smith*, for appellants.

*R. D. Coughanour*, for appellees.

WILLIE, CHIEF JUSTICE.— The claim allowed and approved against the estate of S. P. Hollingsworth, deceased, by the judgment of the

court below, was a decree rendered in the circuit court of the United States for the northern district of Texas, in favor of Samuel C. Davis & Co., and against the appellee, Mrs. Mary C. Hollingsworth. It is evident from the proceedings had in the United States court, terminating in the above judgment, that this decree was intended to bind the community property of S. P. and Mary A. Hollingsworth, and to be satisfied by a levy upon their common estate in the hands of the survivor. The bill, the answer and the replies of Mrs. H. to the interrogatories accompanying the bill show that she and her husband were possessed at the time of his death of a large amount of community property, and it was against this property that the judgment of the court appears to have been asked. The prayer of the bill was for a judgment against Mrs. Hollingsworth and for such other relief as the complainant's case required. The decree grants a recovery for the full amount claimed against Mrs. H., and awards execution against the property of the decedent in her hands, as well as against her own property. Upon a judgment against the survivor in community for a community debt, execution can issue to be levied of the common estate, whether the execution be so directed or not. Carter v. Conner, 60 Tex., 52.

The provision in the decree as to the levy of the execution was therefore superfluous for the purposes of a judgment against community property in the hands of the survivor. But we do not think that it by any means changes the character of the decree. All the property which came into Mrs. H.'s possession upon the death of her husband seems to have been community property, and there is no allegation or proof on either side that she either received any other from the deceased or possessed any other property except such as came to her as survivor in community and legatee under S. P. Hollingsworth's will.

The decree was, therefore, in effect a judgment against Mrs. H. as survivor of the marital partnership and legatee of her deceased husband, to be levied of the firm estate in her possession.

It was, in any event, a judgment for which that estate was liable, even if we so construe it as to render her individual property also subject to its satisfaction.

Upon the granting of letters of administration on the estate of S. P. Hollingsworth, the wife's control over the community property ceased, and the estate passed under the jurisdiction of the county court for administration and settlement. Moke v. Brackett, 28 Tex., 443; Tucker v. Brackett, id., 337.

Along with this property passed also its liability for the debts

which were a charge upon it. These were to be enforced not as they would have been whilst the estate was in the hands of the survivor by execution, but in due course of administration as in other cases. The judgment being a debt for which the community property was liable, was in every respect a claim against the estate of S. P. Hollingsworth as that estate passed to the administrator upon the grant of letters to him by the county court. Whilst this property was in the hands of the survivor the judgment might have been enforced by execution. In the hands of the administrator it could not be reached except in accordance with the rules prescribed for the collection of claims against the estate of a deceased person. It was required that it should be accepted by the administrator and approved by the county court before it was entitled to payment out of the assets of the estate.

These views are sustained by the cases of Tucker v. Brackett and Moke v. Brackett, already cited, and especially by the latter. It was there held that upon the grant of letters of administration upon the estate of a deceased husband, the wife's control over the community property as survivor ceased, and the estate passed to the county court for administration.

The wife having sought to enjoin a judgment obtained against her as survivor, and having subsequently administered upon the estate of her deceased husband, the creditor was allowed to set up in his answer to the injunction suit the validity of the judgment, and have it established as a claim against the estate of the deceased. This was on the principle that the district court, having jurisdiction of the cause for the purpose of granting the relief sought, could dispose of the whole case and dispense equity to the creditors as well as to the parties seeking the injunction. This was in effect to hold that the creditor was entitled to have a judgment obtained against a survivor in community established against the community estate in the hands of a subsequent administrator. The proper method of doing this in the present case was to seek an allowance and approval of the claim from the administrator and county court, and the court correctly decided that the present claim was entitled to be thus established.

The judgment, however, was a debt against the community estate alone, and not against the estate generally of the decedent. It does not appear that any other kind of property had come to the hands of the administrator up to the time the claim was presented to him. But this does not alter the principle, and other property not liable to the debt may come into his possession hereafter. The claim

should have been allowed and approved, to be paid out of the community property in due course of administration. As the allowance was not thus. restricted, the judgment must be reversed and the cause remanded to the court below with instructions to remand the cause to the county court, directing said court to approve the said claim payable out of the community property of S. P. and M. A. Hollingsworth in due course of administration.

REVERSED AND REMANDED.

[Opinion delivered November 18, 1884.]