### MRS. E. D. DICKSON ET AL. V. C. J. MOORE ET AL.

#### No. 602.

1. **Jurisdiction—Probate Court—Existence of Community Debts.**—An administrator's sale of a land certificate was made and was confirmed by the Probate Court in 1851. Forty years thereafter, and after the death of the administrator and destruction of the probate records, the validity of the judgment of confirmation was attacked in a collateral proceeding upon the ground that no community debts existed which would have authorized the administration. *Held*, that testimony in a general way that there were no debts due by the community estate, given by a witness who was only ten years of age at the death of his father, the intestate, and by another not shown to have any actual knowledge of the facts, would not authorize a finding that no such debts existed.

2. **Same—Presumption—Contradicting the Record.**—Where it affirmatively appears in the record of the Probate Court in the administration of an estate that such court properly had jurisdiction by virtue of the existence of community debts, parol evidence will not be considered to impeach the conclusiveness of its judgment in such case.

3. **Judgment of Probate Court Conclusive, When.**—Where the record of the County Court in the administration of an estate shows that the steps necessary to clothe it with power to act in a given case were taken, or if the record be silent on this subject, its judgment must be held conclusive in any other court when collaterally called in question.

4. **Same—Presumption as to Community Debts.**—The lapse of nine years from the death of the deceased to the confirmation of a sale by his administrator will not authorize the presumption that no debts existed or were barred, and hence that no administration was necessary.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*L. H. Browne, Ed. R. Kone,* and *Beasley & Flournoy,* for appellants.—1. The court erred in finding that there were community debts

due from the community estate of John C. Read and his wife. Wardrup v. Jones, 23 Texas, 495; Merriwether v. Kennard, 41 Texas, 276, 277; Duncan v. Veal, 49 Texas, 610; Templeton v. Cattle Co., 77 Texas, 58; 13 S. W. Rep., 966; Moody v. Butler, 63 Texas, 211; Veramendi v. Hutchins, 56 Texas, 419–422; Hensel v. Kegan, 15 S. W. Rep., 276; Clancy v. Stephens, 9 South. Rep., 523.

2. When many years elapse between the death of the intestate and the opening of administration, it ought to be presumed, that no debts exist, or that if any ever did exist, they have been paid. Wardrup v. Jones, 23 Texas, 495; Merriwether v. Kennard, 41 Texas, 276, 277; Duncan v. Veal, 49 Texas, 610; Templeton v. Cattle Co., 77 Texas, 58; same case, 13 S. W. Rep., 966.

3. The administrator upon the estate of a deceased husband, who with a surviving wife owned community property, should inventory such community property, specifying that it is community property, but he has no power to sell the surviving wife's community interest unless community debts exist, and in the absence of such debts a sale by him of the entire community property does not pass her title. Pasch. Dig., arts, 1363, 1299; Rudd v. Johnson, 60 Texas, 93; Belcher v. Fox, 60 Texas, 531; Robinson v. McDade, 11 Texas, 389; Caruth v. Grigsby, 57 Texas, 265; McGee v. Rice, 37 Texas, 500; Thompson v. Cragg, 24 Texas, 604.

4. If an administrator upon the estate of a deceased husband, who with a surviving wife owned community property, should as such administrator sell the property when no community debt in fact existed, his sale and conveyance will be construed to pass only the interest of the intestate. Pasch. Dig., art. 1327; Caruth v. Grigsby, 57 Texas, 265; Moody v. Butler, 63 Texas, 211, 212; Hays v. Wright, 10 Texas, 130; Johnson v. Harris, 48 Texas, 257.

5. The doctrine, that the decree of a Probate Court, made in the course of a regular administration, is not subject to collateral attack, when the court had jurisdiction to pronounce the decree, and that when the record shows jurisdiction, or is silent, the facts necessary to confer jurisdiction, if they could have existed, will be conclusively presumed to have existed, has application only to a decree as it affects the estate of the intestate, and has no application, in so far as the decree may by its terms affect the community estate of the surviving wife, in property decreed to be sold, and clearly not, unless it be made to appear that the court was advised of the wife's community interest when the decree was rendered. Rudd v. Johnson, 60 Texas, 93.

*Z. E. Coombes, W. B. Gano*, and *Alexander, Clark & Hall*, for appellants.—1. Under the Act of 1848 the Probate Court of Liberty County had jurisdiction of the estates of deceased persons, and having acquired jurisdiction of the estate of John C. Read, deceased, both separate and community, its order directing and confirming the sale of the entire headright land certificate of said Read can not be called in

question in this proceeding, but stands as a judgment which can not be collaterally attacked. Pasch. Dig., art. 1363; Martin v. Robinson, 67 Texas, 368; Looney v. Linney, 21 S. W. Rep., 110; Guilford v. Love, 49 Texas, 715; Alexander v. Maverick, 18 Texas, 179; Hardy v. Beaty, 84 Texas, 562; Freem. on Judg., sec. 319a.

2. The Probate Court of Liberty County, as a court of general jurisdiction having acquired jurisdiction over the separate and community estates of John C. Read, deceased, had authority to order and confirm the sale of the headright certificate in question; and although such sale may have been predicated upon fraudulent claims asserted against said estate, such orders directing and confirming such sale can not be collaterally attacked. Pasch. Dig., art. 1363; Martin v. Robinson, 67 Texas, 368.

3. The presumption is, that all the prerequisites to a valid sale were complied with, and were required by the Probate Court, which as a court of general jurisdiction had the right to order the sale and confirm the sale of either the interest of John C. Read, deceased, in said certificate or, as community property, the entire certificate. Looney v. Linney, 21 S. W. Rep., 409; Pasch. Dig., art 1363; Martin v. Robinson, 67 Texas, 368; Guilford v. Love, 49 Texas, 515; Brown v. Christie, 27 Texas, 73; Alexander v. Maverick, 18 Texas, 179; Hardy v. Beaty, 84 Texas, 592.

4. Under the probate act of 1848 the administrator upon the estate of a decedent was required in his inventory to show what was the separate estate and what was the community, and it was made his duty to recover possession of such common property and hold the same in trust, to be administered for the benefit of creditors and others entitled thereto under the provisions of said act, and a sale of community property confirmed by the order of the Probate Court passed the title to the property sold. 1 Pasch. Dig., art. 1363.

RAINEY, ASSOCIATE JUSTICE.—The main contention in this case is, what is the proper effect to be given the judgment of the Probate Court of Liberty County confirming the sale by the administrator of the headright certificate granted to John C. Read?

Appellants contend that there were no community debts of said Read and wife; therefore, the Probate Court had no jurisdiction to order the sale of the certificate, and the sale of the same by the administrator was a nullity, and conveyed no title. The appellees contend that, as the judgment was rendered by a court of competent jurisdiction, it imports absolute verity on its face, and that it can not be attacked in this case, it being a collateral proceeding; also, that there is evidence sufficient to support the finding of the court below that there were community debts, which gave the court jurisdiction.

The court below found as a conclusion of fact, that there were debts of the common estate of John C. and Martha A. Read. This finding is attacked by appellants as not being warranted by the evidence.

Plaintiff E. J. Dickson, and G. C. Wiseman, a brother of Martha Ann Read, testified, in a general way, that there were no debts due by the community estate. The character of the testimony of these witnesses is entitled to but little, if any, weight. Plaintiff E. J. Dickson was only ten years of age at her father's death, and all she knew with reference to the administration of his estate is what she had heard. Wiseman testified that he was not present when the administration was granted or closed; never had any business in court; that he did not know the chief justice of the county, and that he was not a surety on Littlefield's administration bond. Read married Martha Ann, his wife, in 1831 or 1832, with whom he lived up to the time of his death, and she survived him. If there were any debts, they must have been owing by the community. Letters of administration were taken out on the estate of John C. Read prior to July, 1851, the exact date not shown, the probate records having been burned. It was shown that in July, 1851, the court ordered the sale of the certificate, which was community property; that it was sold to A. J. Burke, under whom appellees claim, which sale was confirmed by the Probate Court at the September Term, 1851. This sale was never attacked or called in question, until this suit was brought in 1891, which was forty years after the sale was made and confirmed, and three years after the death of the administrator, Littlefield, who of all others would probably know all the facts connected with the administration, and after the land had passed through the hands of several persons who were ignorant of any other claim and had taken possession and improved the same. Under the circumstances, we think the court was justified in finding for appellees.

We will now inquire as to what effect should be given the judgment of the Probate Court in reference to the sale of the certificate. It is well settled, that at the time of the probate proceeding in question the Probate Court had jurisdiction, when administering the estate of the husband, to also administer the community estate of the husband and wife for the purpose of settling the community debts. Pasch. Dig., art. 1363; Rudd v. Johnson, 60 Texas, 93; Soye v. McAllister, 18 Texas, 100.

That the Probate Court had jurisdiction of John C. Read's interest in the certificate, which was one-half, it being community property, and the power to have such interest sold and thereby convey a good title thereto, we think there can be no question; and as to such interest, the judgment can not be inquired into in a collateral proceeding.

The jurisdiction of the Probate Court, and the effect its judgments are entitled to in a collateral proceeding, in the absence of anything appearing in the record showing the want of jurisdiction, has been often discussed. Early in the history of our jurisprudence there was some conflict along the line, which was settled by the case of Alexander v. Maverick, 18 Texas, 179, since which time there has been no doubt as to the law of this State on this point.

Roberts, Chief Justice, in a very elaborate and able opinion rendered in the case of Guilford v. Love, 49 Texas, 735, in discussing the faith to be given to such judgments in a collateral proceeding, said: "These questions may be solved, as to the extent of the jurisdiction of the County Court, by reference to the case of Alexander v. Maverick, 18 Texas, 179, and cases following in the same line of decision, in which it was fully settled, that the County Court was a court of record of general jurisdiction in all matters relating to the administration of the estates of deceased persons, and that its judgment in an administration of an estate, within the scope of the powers granted to it by law, and embracing and pertaining to the subject within the estate administered, intrusted by law to its control and action, were to be regarded in any collateral action calling their validity into question as the judgment of any other court of record of general jurisdiction, and entitled to the same presumption in support of their validity."

Again the question arose in the case of Martin v. Robinson, 67 Texas, 368, and it was there held, Mr. Justice Stayton delivering the opinion of the court, that, "when a court of record having jurisdiction has assumed to exercise it in a given case, all presumptions are in favor of the validity of its proceedings; and if the record of such a court shows that the steps necessary to clothe it with power to act in the given case were taken, or if the record be silent upon this subject, then its judgment, order, or decree must be held conclusive in any other court of the same sovereignty when collaterally called in question." Citing Burdett v. Silsbee, 15 Texas, 618; Alexander v. Maverick, 18 Texas, 179; Withers v. Patterson, 27 Texas, 492; Lawler v. White, 27 Texas, 254; Murchison v. White, 54 Texas, 78; Guilford v. Love, 49 Texas, 715.

Now, does the same rule apply when the community property is sold in the administration of the estate of the deceased husband? On this point there has been no express utterance by our Supreme Court when the record disclosed that the status of the property was brought to the attention of the court, as in this case. The court had jurisdiction of the property for the purpose of settling the debts of the community estate, if any existed. It had power to inquire into and determine the fact whether or not there were any debts due and owing by said community, and having assumed jurisdiction and disposed of the property, and the record of the Probate Court showing that the court evidently had knowledge of the fact that it was dealing with community property, it would seem that the presumption ought to absolutely prevail in favor of the jurisdiction of the court in a collateral attack.

Appellants contend that this presumption will only prevail in the absence of proof, and that the evidence in this case shows that no debts existed against the community estate of Read and wife, and, therefore, the action of the court is a nullity; especially so, as the certificate sold showed upon its face to be community property. In

some cases the language used would seem to indicate that parol evidence can be used to show the want of jurisdiction in such cases. But in those cases the court was either not treating of the exact question in point, or the expression was indefinite as to whether the court was speaking of what appeared of record or not.

Justice Bell, in Withers v. Patterson, says: "The question presented in such cases is, how far is proof (which is wanting) to be supplied by presumption? The circumstances which would have authorized the court to act as it did act (within the limit of its authority being implied), are presumed to have existed. But presumptions are indulged in the absence of proof." 27 Texas, 496.

In the case of Lawler v. White, 27 Texas, 253, Mr. Bell, Justice, also says: "The weight of authority seems to establish the proposition on that, even where the record is silent on the subject of notice, the judgment of a court of general jurisdiction will support itself, and can not be collaterally impeached or called in question because of any want of alleged jurisdiction over the parties to the decree."

Mr. Freeman on Judgments, section 132, says: "It is of no consequence whether the jurisdiction of the court affirmatively appears or not on the judgment roll; for if it does not, it will be conclusively presumed."

Mr. Fisher, Justice, in Hardy v. Beaty, 84 Texas, 567, speaking along this line, says: "In cases of this kind, in order for a collateral attack upon the jurisdiction of the court and the validity of the judgment to prevail, it must affirmatively appear that the facts essential to jurisdiction did not in fact exist. If we discard this paper found in the record as an insufficient, or hold it to be, as we do, no affidavit at all, the judgment must nevertheless stand when collaterally questioned, because the law presumes that a proper affidavit was made, and such presumption will exist until the *contrary is affirmatively shown* by something contained in the record."

The case of Moody v. Butler, 63 Texas, 211, seems to support the contention of appellants. Mr. Willie, Justice, delivering the opinion, says: "In order to give the deed of Joel Clapp, executor, the effect of passing title to the entire land, as well that portion of which he died possessed as of the share inherited by the children from their mother, it was necessary that there should have been community debts of Joel Clapp and wife existing at the time the land was sold by Clapp's executor. The burden of proving this fact was upon the parties attempting to give this effect to the deed."

The facts upon which the court rendered this decision are very meager. It seems that Clapp's wife died some two years before he died, and that this administration was had upon Clapp's estate alone. There is nothing in the opinion to indicate that the condition of the property was brought to the attention of the court, or that there was any attempt on the part of the court to administer the community interest. In the case under consideration the certificate showed upon its

face to have been community property, and the court must be presumed to have known the fact and to have acted accordingly. Counsel for appellants virtually concede, if the court had knowledge of this fact, that the judgment could not be collaterally attacked. In his argument he says: "We would not go so far as to say that if the decree were to show on its face that the interest of the wife in the land had been brought to the court's attention, and the court had then ordered the sale of the entire tract, that parol testimony would then be admissible to impeach the judgment in a collateral action."

There is nothing in the record of the probate proceedings to show want of jurisdiction of the court to order the sale of the certificate. Two witnesses testified for appellants, that no debts existed at that time against the community estate; but we have held, that the character of their testimony was such as not to be sufficient to overcome the presumption of their existence under the circumstances. But, if their evidence were entitled to the greatest weight, we are of opinion that, as this is a collateral attack upon the judgment of a court of competent jurisdiction, which shows enough on its face to raise the presumption of jurisdiction, it will not be considered to impeach the conclusiveness of such judgment. Weems v. Masterson, 80 Texas, 45.

What we have said in regard to the legal presumption in favor of the conclusiveness of the Probate Court judgment under discussion, is based upon the fact that said judgment shows upon its face that it was community property, of which the court will be presumed to have taken cognizance. If this did not appear from the record, then, whether such a presumption would prevail, we deem it unnecessary to decide.

Appellants also contend that as such a length of time elapsed from the death of Read until administration proceedings were had, the presumption should prevail that no debts existed, and no administration was necessary. The exact time that elapsed before administration was begun, is not shown by the record. About nine and one-half years elapsed from the death of Read until the order confirming the sale of the certificate was made by the Probate Court. In the case of Martin v. Robinson, supra, Justice Stayton discusses this question and reviews all the authorities touching the same, and settles it adversely to appellants' contention.

There are other questions raised in the able brief of counsel for appellant, but what we have said disposes of the case, and we do not think it necessary to discuss them.

The judgment is in all things affirmed.

*Affirmed.*

Delivered January 9, 1895.

Writ of error refused.