A. B. Lee v. W. F. Henderson.

No. 2866.

1. **Order for Partition of an Estate.**— A mere order for partition under section 94 of the Probate Law of August 9, 1876, did not withdraw the property designated in it from the jurisdiction of the Probate Court, so as to prevent the sale of the land in further administration for the purpose of paying debts of the estate. Otherwise, if such partition be made and approved.

2. **Same.**—A partial partition having been made, and the lot in controversy not having been included in the actual partition, the Probate Court had the right to order its sale in due course of administration

3. **Evidence.**—That the bond of an administrator had been reduced by order of the Probate Court, upon the assumption that all the lands belonging to the estate had been partitioned and delivered to the heirs, did not affect the status of the lands not in fact partitioned.

4. **Community Property Liable to Separate Debts.**—The community property of an estate in administration was subject to sale for the separate debts of the husband, both before and after the enactment of the Revised Statutes.

Appeal from Navarro. Tried below before Hon. Norman G. Kittrell.

The opinion in this case, and the report of the preceding case, contain a statement of the matters discussed in the opinion.

*J. F. Stout* and *W. W. Bellew*, for appellant. — 1. The Probate Court entered former orders and decrees for partition and distribution of all the property of the estate of J. M. Lindley, including the property mentioned in the application of Blanding. The Probate Court thereby lost jurisdiction over the property, and all orders and decrees subsequently made concerning the same were void. Withers v. Patterson, 27 Texas, 495; Horan v. Wahrenberger, 9 Texas, 313; Wall v. Clark, 19 Texas, 321.

2. After order for partition and distribution no claim can be collected through the Probate Court that has not been presented to the administrator before the order is made. The estate is as effectually closed to all persons not parties to the administration as if there had been an order to that effect. Rev. Stats., art. 2035; Bledsoe v. Beiler, 66 Texas, 437.

3. When the Probate Court ascertained the amount of debts against the estate and set aside a specific fund to pay the same, and made an order for partition and distribution of the balance of the property, the

court lost jurisdiction over all the property (except the specific fund) except for the purpose of carrying the order into execution. McFarland v. Hall, 17 Texas, 690; Merle v. Andrews, 4 Texas, 208; Cannon v. Hemphill, 7 Texas, 194.

4. The Probate Court had the power to reduce the administrator's bond and to fix his liability for a specific fund. After this was done neither the administrator nor the court had power over other property.

5. The orders for partition and distribution, and order reducing the administrator's bond and fixing his liabilties, were all final judgments. McFarland v. Hall, 17 Texas, 690; Merle v. Andrews, 4 Texas, 208; Cannon v. Hemphill, 7 Texas, 194; Freem. on Judg., 308; Freem. on Coten. and Part., 2 ed., 519.

6. The absence of a particular description of the land in the proceeding ordering and approving a sale or distribution does not render the proceeding void. The vagueness of description is cured by reference to inventory and other matters of record pertaining to the administration. Gaines v. Barr, 60 Texas, 676; Robinson v. Johnson, 57 Texas, 62; Hurley v. Barnard, 48 Texas, 83.

7. Property disposed of in due course of administration is out of the jurisdiction of the court. The administrator nor the court has no further power over it. Todd v. Willis, 66 Texas, 704; Withers v. Patterson, 27 Texas, 491; Bledsoe v. Beiler, 66 Texas, 437; McFarland v. Hall, 17 Texas, 690.

8. The Probate Court is bound to take notice of its own orders; the administrator *de bonis non* can only administer the property of the estate unadministered. Plaintiff below in this case was bound to take notice of all orders in the administration to see whether or not the court had the power to make the orders or decrees under which he claimed title. Edwards v. Halbert, 64 Texas, 670; Withers v. Patterson, 27 Texas, 496; Brockenborough v. Melton, 55 Texas, 493; Lindsay v. Jaffray, 55 Texas, 637; Freem. on Judg., 509.

9. When provision was made and a specific fund set apart to pay the debts outstanding, and the specific fund was squandered by the administrator, the remedy of the creditor would be against the administrator and his bondsmen. An order for partition having been entered at the time the specific fund was set aside, the creditor could not pursue the property in the hands of the heirs or purchasers from them. Rev. Stats., art. 2049; Leaverton v. Leaverton, 40 Texas, 218; Gray v. McFarland, 29 Texas, 163; Pitner v. Flanagan, 17 Texas, 7; Mays v. Jones, 62 Texas, 365; Webster v. Willis, 56 Texas, 468.

*Simpkins & Neblett,* for appellee.—The administration of the estate of J. M. Lindley being still open, and the lot in controversy having never passed from under the control of the Probate Court, there was no error

in admitting in evidence the application to sell, the order of sale, report, confirmation, and deed from Blanding, administrator, to appellee Henderson.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by appellee against appellant to recover a lot in the city of Corsicana. The facts out of which this litigation arose are the same as those in the case of Henderson v. Lindley, this day decided, except in one particular, namely: The lot in controversy was the common property of J. M. Lindley and his wife, and was not set apart in the partition made by the commissioners and approved by the court. If it had actually been embraced in that partition we should be compelled, upon the principles announced in the case referred to, to reverse the judgment from which this appeal is taken. Appellant contends that although this lot was not actually set apart in partition, the order of the court directing all the real property belonging to the estate to be divided between the widow and son of the deceased had the effect to place it beyond the jurisdiction of the County Court, and to render any subsequent order of the court for its sale for the payment of debts a nullity.

We do not concur in this view. We are cited by counsel for appellant, in support of their position, to that line of decisions in this court which holds that a judgment in the District Court in a partition suit which fixes the rights of the parties is a final judgment, from which an appeal may be taken, although a subsequent decree is necessary in order to make an actual partition of the property. The argument is more plausible than sound. We do not think it was the intention of the Legislature to give a mere order of partition the effect of taking away the jurisdiction of the County Court to order a sale of the property. We are of opinion that at any time after such an order is entered and before the partition is actually made and approved, it would be competent for the court, should a necessity appear, to revoke that order and to direct a sale of any portion of the property to pay debts. When the administrator is ordered to turn the property over to the heirs, then and not until then the court loses its jurisdiction over it. Why this lot was omitted when all the other real estate was divided does not appear. It was specifically mentioned in the application for the partition, and it would seem not to have been inadvertently overlooked. It may be that the court or the administrator concluded that the amount retained to pay debts might not be sufficient, and that therefore the commissioners were induced not to divide it.

The lot in controversy not having been in fact distributed, and having as we think remained subject to the jurisdiction of the County Court, the fact that the administrator in an application to have his bond reduced represented that all the estate had been distributed except the money in

his hands, did not have the effect to take away the power of the court to order a sale of the property. It may be evidence that he thought all the lands had been partitioned, but his opinion neither changed the fact nor affected the law.

It appears that the debt for which the property was sold was the separate debt of the husband, and it is claimed that the lot being community property the sale passed only the husband's interest therein. It was held under the laws as they existed before the passage of the Revised Statutes that community property was subject to the ante-nuptial debts of the wife (Taylor v. Murphy, 50 Texas, 291), and we think there is a stronger reason for holding such property subject to like debts of the husband. There has been some change of the language of the old statutes as incorporated into the new, but we think there is no substantial change intended. The commissioners who revised the statutes reported that title 50 upon "Husband and Wife" was substantially a reproduction of the old law. See 2 Sayles Rev. Stats., art. 728. We conclude that the administrator's sale to appellee passed the title of both the husband and the wife in the lot in controversy.

We have passed upon the decisive questions in the case. The question of notice to appellee need not be considered. There are many assignments and propositions in appellant's brief, but all depend upon the questions decided and are too numerous to be considered in detail.

The judgment is affirmed.

*Affirmed.*

Delivered November 22, 1889.