### MOORE et al. v. WOOTEN et al. *
(No. 1066.)

(Court of Civil Appeals of Texas. Beaumont. July 9, 1924. Rehearing Denied Oct. 5, 1924.)

1. **Trespass to try title** ⬾40(4) — **Certified copy of deed in plaintiff's chain of title held admissible.**

In trespass to try title, certified copy of deed in plaintiff's chain of title *held* admissible.

2. **Husband and wife** ⬾265, 268(1), 273(1)— **Husband has management of community property; community property subject to debts of spouses; community property passes to surviving spouse and heirs of deceased spouse in equal moieties after payment of all debts.**

Husband has management, control, and disposition of community property, which is subject to payment of all debts contracted by both husband and wife (Rev. St. arts. 3592, 4627), and passes on death of either to survivor and deceased's heirs in equal moieties after payment of all debts.

3. **Husband and wife** ⬾276(6)—**Widow's interest in community estate passes with that of deceased husband's heirs by her deed of half as administratrix of his estate.**

Widow accepting appointment as administratrix of deceased husband's estate, instead of qualifying as community administratrix, cannot administer on husband's half of community estate only, and in conveying such half, under court order, she passes her interest therein as well as that of husband's heirs.

---

**4. Appeal and error ⊕842(1)—Court's finding supported by testimony on question of limitation conclusive.**

Question of limitation *held* one of fact, on which court's finding, if supported by testimony, is conclusive.

**5. New trial ⊕102(6)—Diligence to discover contents of depositions taken in prior suit held not shown.**

· Motion for new trial of action in trespass to try title, in which question was whether defendant's deed as administratrix of her deceased husband's estate conveyed only his community interest, or that both of them, *held* properly overruled for want of diligence to discover contents of deposition, taken in prior suit, affecting defendant's title.

**6. Depositions ⊕100—Depositions taken in another suit between different parties not admissible.**

Depositions taken in another suit between different parties are inadmissible as original evidence, under Rev. St. art. 3677.

**7. New trial ⊕108(1)—Probability that newly discovered evidence would produce different result must be shown.**

To authorize new trial for newly discovered evidence, it must appear that such evidence would probably produce different result on retrial.

**8. Trespass to try title ⊕47(3) — Court should render judgment for defendants for interest to which plaintiffs admit they are entitled.**

In trespass to try title, where plaintiffs asserted ownership of only one-fourth of land, and admitted defendant's claim to remainder, court should have rendered judgment for defendants on their cross-action for three-fourths interest.

**9. Costs ⊕238(2)—Costs taxed against appellants, though judgment reformed, when matter not presented below.**

Though erroneous judgment, in trespass to try title, that appellants, whom appellees admitted were entitled to three-fourths interest, take nothing by their cross-action, will be reformed, where judgment is otherwise affirmed, and appellants did not call court's attention to such error in their motion for new trial, costs of appeal will be taxed against them.

Appeal from District Court, Liberty County; J. M. Combs, Judge.

Action by Mrs. F. E. Wooten and others against E. F. Moore and others, who filed cross-action. From judgments for plaintiffs and against defendants on their cross-action, latter appeal. Reformed and affirmed.

Baker, Botts, Parker & Garwood, of Houston, and E. B. Pickett, Jr., of Liberty, for appellants.

J. Llewellyn, of Liberty, and A. L. Kayser, of Conroe, for appellees.

O'QUINN, J. Suit in trespass to try title by appellees against appellants, involving some 1,500 acres of the Melina Whittington league in Liberty county, Tex., and for damages for cutting timber. Appellants answered by general denial, plea of not guilty, and the three, five, and ten year statutes of limitation. By way of cross-action appellants pleaded against appellees for the recovery of all of the land sued for except 207 acres in the southeast corner of the tract, with the usual trespass to try title allegations, and also asserted title affirmatively under the three, five, and ten year statutes of limitation. Appellees by supplemental petition denied generally the allegations in appellants' answer, and pleaded minority and coverture in defense against the title of limitation asserted by appellants.

Upon a trial before the court judgment was rendered in favor of appellees for an undivided one-fourth interest in the land and for the sum of $2,000 as damages for timber that appellants had cut and removed from the land, and also judgment was rendered against appellants upon their cross-action. Their motion for new trial having been overruled, appellants appealed.

The Whittington league of land was patented to Melina Whittington. She afterwards married Cyrus Thompson. After her marriage to Thompson, she and her husband conveyed "1,574 acres more or less" out of said league to Richard W. Gayle June 15, 1848. Gayle conveyed to George W. Southwick August 10, 1854. Southwick conveyed to Franklin D. Thornton October 11, 1855. Thornton conveyed 1,500 acres to W. R. Wooten November 17, 1860.

W. R. Wooten was married twice. He was divorced from his first wife in 1855, and married one Rosa McGee in 1856, who after her marriage was known as Mrs. E. R. Wooten. W. R. Wooten died in May, 1870, and left surviving him his widow, Mrs. E. R. Wooten, and one son, W. J. Wooten, by his first wife. He had no children by his second wife. W. J. Wooten died in August, 1880 or 1881. He was married, and Mrs. F. E. Wooten, his widow, and Mrs. Mae Royder, Mrs. Emma Becker, Mrs. Ella Batte, and R. L. Wooten, his children, are the appellees.

On March 29, 1871, Mrs. E. R. Wooten was appointed administratrix of the estate of her deceased husband, W. R. Wooten, by the probate court of Walker county, Tex. She duly qualified as such administratrix by filing the required bond and oath. Under oath, she filed an inventory of the property belonging to the estate of W. R. Wooten, in which was listed "a half interest in a tract of land lying in Liberty county, containing 1,500 acres of land." On July 21, 1875, Mrs. E. R. Wooten, administratrix, made application to and procured an order from the probate court of Walker county, ordering her

to sell an undivided one-half interest in and to said 1,500-acre tract in Liberty county. She sold the land as directed, and made report of the sale to the probate court, which sale was approved by the court, and she executed a deed to the purchaser, L. A. Abercrombie, for an undivided one-half of the 1,500 acre tract "belonging to the estate of W. R. Wooten, deceased," situated in Liberty county, Tex., and being a portion of the Melina Whittington league survey, signing said deed, "E. R. Wooten Adm. Est. W. R. Wooten."

After Mrs. E. R. Wooten, as administratrix of the estate of W. R. Wooten, deceased, executed the above-mentioned deed to Abercrombie, she and her son by a former marriage, D. C. McGee, on October 26, 1881, executed a deed conveying to L. A. Abercrombie an undivided one-fourth of the 1,500-acre tract of land in controversy, describing same as follows:

"A one-half undivided interest in and to our one-half undivided interest in a certain tract containing fifteen hundred (1,500) acres more or less, situated in Liberty county, Tex., and a part of the Melina Whittington survey, the said Abercrombie being already the owner of one-half of said 1,500-acre tract, and this deed is intended to convey to him one-half of the remaining half of said 1,500-acre tract, thereby investing him with the title to three-fourths of said 1,500-acre tract. Said 1,500-acre tract is meted and bounded as follows, etc."

April 21, 1883, Mrs. E. R. Wooten and her son, D. C. McGee, executed a deed to D. D. Alston, conveying a one-fourth undivided interest in said 1,500 acres, the description being:

"All our right, title and interest in the same, being a one-fourth undivided interest in a certain tract containing fifteen hundred acres more or less, situated in Liberty county, Tex., and a part of the Melina Whittington survey, L. A. Abercrombie being the owner of the other three-fourths interest therein, said fifteen hundred-acre tract is meted and bounded as follows, etc."

Alston conveyed his one-fourth to L. A. Abercrombie by deed of July 20, 1883. Abercrombie conveyed the entire 1,500 acres to S. Liken by deed of date September 3, 1884. The title to the entire 1,500-acre tract, which Liken acquired by deed from Abercrombie, was regularly acquired by appellant E. F. Moore, who conveyed the timber thereon to the appellant Robertson-McDonald Lumber Company. Appellant E. F. Moore also holds title to the land under a judgment rendered in his favor by the district court of Liberty county, Tex., against the unknown heirs of Melina Whittington, deceased, the original grantee of the league of which the land in controversy is a part.

[1] Appellants' first assignment is overruled. The certified copy of the deed offered in evidence was admissible.

Appellants' second proposition is:

"Proposition No. 2. When Mrs. E. R. Wooten executed to L. A. Abercrombie the deed of April 6, 1876, she was acting only in her capacity as administratrix of the estate of W. R. Wooten, deceased, and was dealing, not with any individual interest she had in the tract of land described in that deed, but alone with the one-half undivided interest in said tract of land which W. R. Wooten owned in his lifetime, and which became the property of his estate upon his death, and it was that one-half only (and not any part of the undivided one-half of the land which she owned individually) which Mrs. E. R. Wooten, as administratrix, intended to sell, and which she in fact did sell, to L. A. Abercrombie by said deed of date April 6, 1876, and therefore such deed did not affect the undivided one-half of said tract of land which she herself owned individually, but it passed title to only the entire undivided one-half of the land which W. R. Wooten had owned before his death, and which was the property of his estate and of which Mrs. E. R. Wooten was administratrix; as above stated, not only was she acting simply in her capacity as administratrix of said estate in executing said deed of date April 6, 1876, but the probate court, which directed and empowered her to so act, had under its jurisdiction and was only dealing with the undivided one-half of said tract of land which belonged to or vested in W. R. Wooten before his death and which one-half alone was listed upon the inventory filed by the administratrix in his estate after his death, and therefore it necessarily follows that the administratrix of his estate, by the deed of date April 6, 1876, conveyed to L. A. Abercrombie all the interest in the tract of land in question which belonged to said estate, such interest being only an undivided one-half thereof, and no part of the other undivided one-half which was the individual property of Mrs. E. R. Wooten was conveyed by said deed, but that one-half still remained her individual property, and the heirs of W. R. Wooten had no interest whatever therein."

As opposed to this proposition, appellees make the following counter proposition:

"Counter Proposition No. 3 (in reply to appellants' Proposition No. 2). Upon the death of the husband, the wife being appointed administratrix of his estate, the whole of the community property is administered in his name and as his estate, and all such property not brought into such administration nor disposed of thereby passes to and vests in the heirs and the surviving widow."

These propositions present the controlling question in the case. Appellees in asserting title to an undivided one-fourth interest in the tract of land involved contend that the deed which Mrs. E. R. Wooten, as administratrix of the estate of her deceased husband, W. R. Wooten, executed to L. A. Abercrombie, passed title to an undivided one-fourth of said 1,500 acres of land as the property of the estate of W. R. Wooten, deceased, and also passed title to an undivided one-fourth interest in said tract as the prop-

erty of Mrs. E. R. Wooten, individually, and that the other half of the tract which this deed did not undertake to convey was owned jointly by the estate of W. R. Wooten, deceased, or his heirs, and Mrs. E. R. Wooten, each owning one-half of that one-half, and that therefore one-half of one-half, or one-fourth, still vested in their ancestor W. J. Wooten, after the administratrix executed her deed to Abercrombie. The court below upheld this contention. In other words, the court held that the deed from the administratrix to Abercrombie did not operate to convey the entire one-half of the land which belonged to the estate of her deceased husband, but that the one-half of the tract of land which this·deed did convey was owned equally by the widow (the administratrix) and the estate of her deceased husband, one-fourth each, and that the other one-half not sold by the administratrix' deed remained vested in the widow and the estate of her deceased husband equally, one-fourth each, and that therefore, when she afterward executed in her individual capacity the two deeds which undertook to convey the remaining one-half (one deed to Abercrombie and one to Alston, one-fourth each), those two deeds did not convey one-half of the entire tract of land but only one-fourth thereof, and that the other one-fourth was still vested in W. J. Wooten, son of W. R. Wooten by his first wife, and that such one-fourth passed, by inheritance, to the appellees.

. Appellants have elaborately briefed the regularity of the probate proceedings to show that only the estate of W. R. Wooten, deceased, was being administered, and not the community estate of W. R. Wooten and his surviving wife. Appellees make no attack upon the probate proceedings nor upon the title of those holding under the conveyance as per order of said court, and their recovery herein does not in any wise involve a collateral attack upon any order or proceeding of the probate court. They admit that the sale made by Mrs. E. R. Wooten as administratrix of the estate of her deceased husband, W. R. Wooten, was valid and conveyed the property mentioned and described in· the orders of the probate court and the deed thereunder. Their contention is that, as the land was community property when Mrs. Wooten·applied for appointment and was appointed as administratrix of the estate of her deceased husband, the estate being community property, the whole of the estate—all of the community property—passed under the jurisdiction of the county court, and must be administered in his name and as his estate, and sold and conveyed as his property. The effect of this is that, when Mrs. Wooten, as administratrix of the estate of her deceased husband, sold an undivided one half interest in the 1,500 acres of land as belonging to the estate of her husband, she sold her interest as well as the interest

of the heirs in and to the land described in the deed (one-half of the tract), and that the other half which was not brought into the administration passed to the heirs and widow under the law.

[2] We believe that appellees' contention is sound and should be sustained. During his lifetime the husband has the management, control and· disposition of the community property, and the community property is subject to the payment of all debts contracted by both husband and wife. Articles 3592, 4627, R. S. When Wooten died, his half of the community estate passed to his heirs, subject, of course, to the payment of one-half of the community debts. . The law is well settled, both by statute and repeated decisions, that upon the death of one of the marital partners the community estate passes to the survivor and the heirs of the deceased in equal moities, subject to the payment of all community debts;. hence the portion which either would receive is one-half of what is left after all debts have been paid, to which the property is liable. Stone v. Jackson, 109 Tex. 385, 210 S. W. 953.

[3] Mrs. Wooten, as the community survivor, had the right to sell community property for the purpose of paying community debts without being appointed administratrix, and by qualifying as community administratrix she could have taken the whole of the community estate for control and disposition, independent of probate control. But as she did not choose to act in either of these ways, but chose to be appointed administratrix of the estate of her deceased husband, can she, by the ordinary method of administration, administer upon the community estate of her deceased husband and carry into that administration his half only of the community property and leave her half of same entirely out of the administration of the estate? We do not think so. The law makes the whole of the community estate subject to the payment of community debts. The survivor and the heirs are entitled to receive only that which is left after the payment of the debts ·out of and from the entire community estate, not just from one-half of it. The whole policy of the law has ever been that the estate, if .administered in whatever way, shall be as a whole subjected to the payments of the community debts. To permit an administration of the half of the community property belonging to the deceased only would be a perversion of the law and a fraud upon the rights of the heirs. In the language of appellees' counsel:

"If the mere withholding of property belonging to the community estate by the wife as administratrix from the jurisdiction of the probate court would vest the title to the property so withheld in the wife, then an unlimited opportunity for an invitation to fraud on the rights of the heirs would be offered and afforded. By such a method the wife, as was

done in the case as bar, could withhold one-half of the community property from the administration and appropriate it to her own use, and force the children's half to discharge the burden of all the debts, both hers and those of her husband.

"Mrs. Wooten, as the surviving wife, had no greater right to have her interest in the community estate escape the burden of the debts than had the heirs, and yet that is the effect of appellants' contention in this case. The arbitrary action on her part in withholding a portion of the property from the administration and appropriating it to her own use is given the effect of divesting the title out of the heirs to that portion of the property not subjected to the administration. This would be an unconscionable rule. The interest of the heirs extends to every part of the community estate, and their interest therein is as truly a title thereto as that of the widow, and they cannot be divested of their title in the remainder of the estate unsold simply by the act of the interested administratrix in withholding such remainder from the administration."

Mrs. Wooten's half interest was a part of the community estate. As survivor she had the management and control of the community estate, subject to the community debts. When she was appointed administratrix of her deceased husband's estate her power of control, management, and disposition, which up to this time she held as survivor, ceased to exist, and the estate passed under the jurisdiction of the county court for the purpose of administration and settlement. Moke v. Brackett, 28 Tex. 445; Hollingsworth v. Davis, 62 Tex., 440; Broocks v. Payne, 58 Tex. Civ. App. 513, 124 S. W. 468; Waterman Lbr. Co. v. Robbins (Tex. Com. App.) 206 S. W. 827. That the wife cannot sell community property for the purpose of paying community debts during an administration upon her deceased husband's estate is not to be questioned (Corzine Heirs v. Williams, 85 Tex. 505, 22 S. W. 399); this for the reason that the whole of the community estate is being administered.

We believe that as in the lifetime of the husband the whole of the community estate, not the half of it, is managed in his name; so upon his death the same estate, the whole of it and not the half, must be administered, if at all, in his name, and sold and conveyed as his property. Therefore, when Mrs. Wooten undertook to administer upon the estate of her deceased husband, and only listed one-half of the community land belonging to his estate, and procured the same to be sold under order of the court, by such sale she passed her interest as well as that of the heirs in the property sold. Moke v. Brackett, 28 Tex. 445; Simmons v. Blanchard, 46 Tex. 268; Hollingsworth v. Davis, 62 Tex. 440; Carter v. Connor, 60 Tex. 52; Lee v. Henderson, 75 Tex. 190–192, 12 S. W. 981; Corzine Heirs v. Williams, 85 Tex. 504, 22 S. W. 399; Carlton v. Goebler, 94 Tex. 97, 58 S. W. 829; Moody

v. Looscan (Tex. Civ. App.) 44 S. W. 621-624 (writ denied); Waterman Lumber Co. v. Robbins (Tex. Com. App.) 206 S. W. 826.

[4] Appellants' third proposition asserts that whatever cause of action appellants Mrs. F. E. Wooten and R. L. Wooten had, if any, was barred by the statutes of limitation. This assignment is overruled. The question of limitation is one of fact. The court heard the testimony, and passed upon its sufficiency, and held against appellants' plea of limitation, and we think the record supports his finding.

[5] Appellants' fifth proposition is:

"The trial court erred in overruling appellants' motion for a new trial, because after the judgment against them was rendered herein appellants discovered new testimony which is material and which by the use of reasonable diligence they could not have produced at the trial of this cause, and they did not learn thereof until after this cause was tried and judgment rendered."

Appellants' allegations of newly discovered evidence are:

"Since said judgment was rendered, these defendants have discovered new testimony which is material and which by the use of reasonable diligence these defendants could not have produced in the trial of this cause, and did not learn thereof until after this cause was tried and said judgment rendered; such newly discovered testimony being that the records of this court show that in cause No. 1363 on the docket of this court, styled L. A. Abercrombie et al. v. W. B. Tucker et al., it was proved that the land in controversy was the separate property of said E. R. Wooten and her son, D. C. McGee, by a former marriage, * * * and the fact that said E. R. Wooten and her son, D. C. McGee, owned in their own separate right an undivided one-half of the tract of land containing 1,574 acres sued for in this cause, and that it was the separate property of said Mrs. E. R. Wooten and her son, D. C. McGee, is shown by the depositions of said Mrs. E. R. Wooten and D. C. McGee, and also by the deposition of F. D. Thornton, taken in the above-mentioned cause No. 1363, styled L. A. Abercrombie et al. v. W. B. Tucker et al.; * * * and, further, these defendants say that, if the above-mentioned depositions are not in themselves sufficient proof of the facts then testified to by the three witnesses named, they at least are circumstances to be considered, and they give a clue to other testimony that these defendants may be able to produce by the next term of this court, and now they have not time to make the necessary inquiry for obtaining that information, because this term of court will adjourn on this day, as the court has already so announced."

This motion was duly verified. Appellees filed a controverting affidavit excepting to said motion because the facts constituting the diligence exercised by appellants were not stated, and that the allegations of appellants were but conclusions of the pleader, and, further answering said motion, said:

"These plaintiffs herein controvert the facts stated in paragraph 6 of said motion; and further they say that the defendants or their attorneys knew, or by the use of reasonable diligence could have known, of the existence of the evidence they seek to offer as newly discovered evidence before this case was tried and judgment rendered."

[6, 7] The motion was properly overruled. This suit was filed June 7, 1920. Judgment was rendered May 29, 1923. The case had been pending nearly three years. The case was tried on the theory that the property was the community property of W. R. Wooten and his wife; the contest being over whether the deed of the administratrix conveyed only the community interest of the husband or the community interest of both the deceased and his wife. The newly discovered evidence was found in two days after the trial and judgment. Appellants must be held to have been familiar with the links in their chain of title. One of these deeds, that of Mrs. W. R. Wooten and her son, D. C. McGee, to L. A. Abercrombie, of date October 26, 1881, contained a recital of the pendency of the suit mentioned in appellants' motion for new trial, to wit, L. A. Abercrombie et al. v. W. B. Tucker et al., brought by L. A. Abercrombie, Mrs. E. R. Wooten, and D. C. McGee against W. B. Tucker et al. in the district court of Liberty county (the court in which the instant case was tried), and that final judgment was rendered in their favor and the judgment placed of record. The depositions mentioned in appellants' motion were taken in that suit, and were on file with the papers of the case. The recital of the pendency of the suit and that it affected appellants' title, we think, was sufficient to have put appellants upon notice of whatever information they could have derived from an inspection of the papers in said cause, and that the exercise of proper diligence would have sooner discovered same. It is not shown that appellants exercised any diligence to discover the contents of these depositions. When appellees denied under oath the allegations of diligence made by appellants, there was an issue of fact joined upon the hearing of the motion, and it was the duty of appellants to show that they had exercised the diligence alleged, and, there being none shown, the court did not err in overruling the motion. Furthermore, the newly discovered evidence—the said depositions—certainly would not be admissible as original evidence, having been taken in another suit between different parties (article 3677, R. S.; Bank v. Mulkey, 94 Tex. 395, 60 S. W. 753; Martinez v. Bruni [Tex. Com. App.] 235 S. W. 549), and we seriously doubt if they would be admissible even as a circumstance pointing to the facts sought to be shown by appellants. Besides, in order for a new trial to be granted upon the ground of newly discovered evidence, not only must it be shown that the failure to discover same was not due to lack of diligence on the part of the party seeking the new trial, but it should also appear that the newly discovered evidence would, in all probability, produce a different result upon another trial. The depositions were before the trial judge, and, if he acquitted appellants of negligence in failing to discover same in time for the trial, then he evidently did not believe that the depositions, not being admissible as original evidence, would lead appellants to discover any other legal evidence that would probably produce a different result on a new trial.

[8] Appellants' fourth proposition complains that the court erred in rendering judgment that appellants take nothing by their cross-action; that, as appellees asserted ownership to only one-fourth of the land in controversy and admitted appellants' claim to the other three-fourths, the court should have rendered judgment in their favor for said three-fourths.

[9] Appellees claimed only an undivided one-fourth of the land. They did not question, but admitted, that appellants owned the other undivided three-fourths. That being true, the court should have rendered judgment in favor of appellants for the uncontested three-fourths interest in the land. However, as appellants in their motion for a new trial did not call the court's attention to this error, but have for the first time presented same here, we will reform the judgment in the manner indicated, and, the judgment otherwise being affirmed, all costs of this appeal will be taxed against appellants.

No reversible error being shown, the judgment, as reformed, should be affirmed; and it is so ordered.