## FORT WORTH & D. C. RY. CO. v. RYAN.
### (No. 10921.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 21, 1925. On Motion for Rehearing March 7, 1925. Supplemental Opinion Withdrawing Dissent March 16, 1925.)

**1. Judgment ⊕⇒256(7)—Findings of jury on special issues held not to warrant entry of interest from date of injury to date of judgment.**

In action for damages for unreasonable delay in shipment of cattle, where case was submitted to jury on special issues, and question of interest was not so submitted, trial court was not authorized to enter judgment for interest from date of injury to date of judgment.

**2. Interest ⊕⇒26—Failure to submit peremptory instruction held waiver of right to interest from date of injury to date of judgment.**

In action for damages for unreasonable delay in shipment of cattle, where case was submitted on special issues, failure of plaintiff to submit peremptory instruction that if jury found he was entitled to recover, to find interest at 6 per cent. from date of injury to date of judgment was waiver of right to such interest.

**3. Appeal and error ⊕⇒926(8) — Appellate court cannot presume that plaintiff's testimony in deposition was hearsay, where defendant did not show such fact.**

In action for damages for delay in shipment of cattle, where it did not affirmatively appear that testimony of plaintiff by deposition as to when cattle were unloaded at stock yards was hearsay, and where defendant did not develop testimony to show it was hearsay, the appellate

court cannot presume that plaintiff's testimony was based entirely on hearsay.

**On Motion for Rehearing.**

**4. Costs ☞238(2)—On failure of defendant, in motion for new trial, to call court's attention to error, costs of appeal will not be adjudged against plaintiff.**

Where case was submitted on special issues, and plaintiff failed to submit issue as to allowance of interest from date of injury, and defendant, in motion for new trial, did not call attention of court to claimed error in allowing interest from date of injury, costs of appeal will not be adjudged against plaintiff.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by A. D. Ryan against the Fort Worth & Denver City Railway Company. Judgment for plaintiff, and the defendant appeals. Reformed, and as reformed affirmed. ·

Thompson, Barwise, Wharton & Hiner, of Fort Worth, for appellant.

C. A. Wright, of Fort Worth, for appellee.

BUCK, J. This suit was filed by A. D. Ryan against the Fort Worth & Denver City Railway Company, hereinafter called defendant, in the justice court of Tarrant county, August 29, 1921, ·for damages by reason of an alleged unreasonable delay in the shipment of 23 head of cattle, originating at Hollister, Okl., and delivered to the defendant at Wichita Falls for shipment to Fort Worth. It was claimed that the cattle were loaded on the cars at Hollister about 2 p. 'm. January 18, 1921, and arrived at Wichita Falls at 8 p. m. the same day, and left Wichita Falls for Fort Worth about 10:45 p. m. It was alleged that the cattle were not delivered by defendant at the stock yards at Fort Worth until about 2 p. m. January 19th, and therefore could not be sold on the market of said day but were sold on the market of January 20th. It was alleged that the market had declined, and that the cattle were shrunken and had depreciated in market value by reason of the alleged unreasonable delay, and that plaintiff was damaged to the amount of $145.99. He prayed for interest on said amount at 6 per cent. from January 19, 1921, and $20 attorney's fee. Plaintiff recovered in the justice court $135.-75, with interest, and defendant appealed to the county court. In the latter court, the cause was submitted to a jury on special issues, which, with the answers thereto, are as follows: (1) There was an unreasonable delay on the part of defendant in the transportation and delivery of plaintiff's cattle from Wichita Falls to Fort Worth; (2) said unreasonable delay caused said cattle to miss the market on January 19, 1921, and resulted in a loss to the plaintiff in the market value of his cattle when sold; (3) the difference in the market value of plaintiff's cattle on the first available market after arrival and in their condition as compared to what said market value would have been at the time they should have arrived but for such unreasonable delay, amounted to $145.-99, and plaintiff was entitled to $36.40 as a reasonable attorney's fee. From a judgment for plaintiff in the sum of $145.99 and 6 per cent. interest thereon from January 20, 1921, and $20 attorney's fee, the defendant has appealed.

[1] Fundamental error is urged by reason of the court's entering judgment for interest from January 21, 1921, to the date of the judgment, inasmuch as the question of interest was not submitted to the jury, and no finding thereon was shown. In Davis v. Morriss, 257 S. W. 328, by the Austin Court of Civil Appeals, it was held that fundamental error is shown where a judgment recites that interest is allowed as damages in a suit for recovery of damages for injury to live stock received in shipment, in the absence of a finding of the jury awarding such interest as part of the damages, since their verdict constitutes the sole basis for the judgment. This case cites in support of its ruling Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881; S. A. & A. P. Ry. Co. v. Addison, 96 Tex. 61, 70 S. W. 200; So. Gas & Gasoline Engine Co. v. Adams & Peters, 227 S. W. 945, by the Commission of Appeals; Morriss v. Hesse, 231 S. W. 317, by the Commission of Appeals. In S. A. & A. P. Ry. Co. v. Addison, supra, Chief Justice Gaines, on certified question, held that, in the absence of a verdict finding interest on the amount found by the jury as damages, arising out of a shipment of horses, the trial court would not have the authority to render judgment for interest from the day of the accrual of plaintiff's cause of action. The court held that, the issues of fact having been submitted to a jury, the verdict constituted the sole basis for the judgment. It is not shown in that case as to whether the· issue submitted to the jury was as to the total damages suffered by plaintiff, or the mere difference in the market value of the horses by reason of the delay and rough handling.

In So. Gas & Gasoline Engine Co. v. Adams & Peters, supra, plaintiff did not plead for interest as damages, and the charge of the court made no reference to the interest as an element of damages. The trial court did not allow such interest, but on appeal to the Court of Civil Appeals that court sustained the cross-assignment of defendant in error, and allowed interest from the accrual of the cause of action. The defendants in error recovered judgment for the difference between the value of the engine, less the payments made thereon, and the

damage to the potato crop. It was alleged that the engine was defective, and would not do the work it was sold to do, and the defendants in error claimed damages for the difference between the value of the engine at the time it was delivered and the price which they contracted to pay for same, with interest, and for money spent in 'making repairs on the engine, and for damages suffered by them in the loss on their potato crop by reason of the defective condition of the engine and its failure to work properly. Judgment was rendered for Adams & Peters for $836.31, such being the difference between the contract price of the engine and the value of the engine delivered, and for freight and demurrage, and for damages for delay in harvesting their potato crop. The Commission of Appeals held that:

"The pleadings alleged the loss as the difference between the amount which defendants would have realized from the potato crop had it been harvested without delay and the amount actually realized on account of the delay resulting from the misrepresentations by plaintiffs in error as to the work the engine would do. The charge of the court made no reference to interest as an element of damage, but followed the general allegations of the pleadings. Defendants in error did not object to the charge as given, nor did they request a special charge embodying interest as an element of damage. It was the duty of the defendants in error to have requested a charge informing the jury to include interest from the date of the accrual of the cause of action up to the time of trial as an element of damage in the event that they found defendants in error had suffered damages, and, not having done so, they waived their right thereto. Galveston Oil Co. v. Malin, 60 Tex. 645."

In Watkins v. Junker, 90 Tex. 584, 40 S. W. 11, it is said:

"In the case of Heidenheimer & Co. v. Ellis, 67 Tex., on page 428, the court said: 'It is frequently said, in the decisions of the courts, that interest is the creature of the statute. In a certain sense this is true, but as applied to one class of cases the phrase is misleading. Interest cannot be allowed eo nomine unless expressly provided for by statute, but in many instances it may be assessed as damages when necessary to indemnify the party for an injury inflicted by his adversary, though the statute be silent upon the subject.' It may not be technically correct to call this compensation interest, but that is a term so familiar that it is perhaps the most expressive and intelligible that could be used to inform the jury what the rights of the parties are. At any rate, the use of the word does not constitute error for which a judgment would be reversed.

"Interest as damages may be allowed upon unliquidated demands whether they arise out of a breach of contract or out of a tort. Sedgwick on Damages, vol. 1, § 320. Interest, however, cannot be allowed upon damages arising from assault and battery, libel and slander, seduction, false imprisonment, nor for personal injuries and the like. Sedgwick on Damages, § 320; * * * Railway Company v. Sears, 66 Ga. 499. The reason why interest cannot be given in the class of cases last mentioned is, that the measure of damages is not fixed at any particular time, but the right of recovery may be greater or less at the time of trial than it would have been at the time the injury was inflict 1; for example, in a case of personal injury the party injured would be entitled to recover for the loss of time occasioned by the injury up to the time of trial as well as to compensation for all physical pain and mental anguish endured, and also for such as might probably arise from the injury in the future. * * * If interest be properly an element of damages in any case, then it is so as a matter of law. Whether the case is such that the law makes it applicable is a question of fact for the jury, but whether or not it is to be allowed if the facts exist is a question of law that should not be left to the jury. We think that it is an inconsistency to say that a right exists which a jury may or may not enforce as they may deem proper, and we believe that practically the courts have come to the proposition that in all cases where the measure of recovery is fixed by the conditions existing at the time that the injury is inflicted the person entitled to recover has also the right to have compensation for the detention of the money to which he is entitled by reason of the wrong done to him. It being a legal right to receive compensation for the injury inflicted by detaining that to which the party is entitled, it is the duty of the court to instruct the jury under what state of facts they should allow such compensation."

It will be noted that the only question submitted to the jury in the instant case involving the amount of damages recoverable by plaintiff was as to the difference in the market value of plaintiff's cattle after arrival, and in their then condition, as compared to what said market value would have been on the market at the time they should have arrived but for such unreasonable delay. The jury answered this question in dollars and cents, to wit, $145.99. In T. & P. Ry. Co. v. Erwin, 180 S. W. 662, the Texarkana Court of Civil Appeals held that in a shipper's action for damages for injury to stock, where the jury in answer to interrogatories found the items of damage but there was no request that the court submit the issues of the amount of damages recoverable, the court had a right to find that fact itself from the items fixed by the jury, and, where the plaintiff prayed for interest as a part of his damages, the trial court had the authority to add such interest. The court said:

"It will be observed that the questions propounded to the jury required them to find only the value of the injuries at the time they were inflicted. This was not the measure of all the damages the appellee was entitled to recover. Interest may be allowed in such cases as a part of the compensation to the injured party. Watkins v. Junker, 90 Tex. 587, 40 S. W. 11; M., K. & T. Ry. Co. v. Gray, 160 S. W. 435."

In Hancock v. Haile, 171 S. W. 1053, Justice Dunklin of this court said:

"But if, under the pleadings, evidence, and the verdict of the jury, plaintiff was entitled to recover the value of the animals as damages for the wrongful appropriation of them by the defendant, then we can perceive no valid reason why interest should not be allowed as a part of such damages from the date of such wrongful appropriation. Barron v. San Angelo Nat. Bank, 138 S. W. 142."

See S. A. & A. P. Ry. Co. v. Sutherland, 199 S. W. 521, by the San Antonio Court of Civil Appeals; I. & G. N. Ry. Co. v. Reed, 203 S. W. 410, by the San Antonio Court of Civil Appeals.

[2] The writer is inclined to the conclusion that the apparently conflicting decisions upon this question may in the main be reconciled. That where the verdict, in a case where interest eo nomine is allowable, finds the value of the injury at the time of infliction, and does not find the total damages to which plaintiff is entitled, that interest may be allowed in such cases as a part of the compensation to the injured party, and where plaintiff in his pleadings seeks to recover such interest, the trial court may add interest to the amount found by the jury in determining the judgment to be entered. As held in Watkins v. Junker, supra, if interest be a proper element of damages in any case, then it is so as a matter of law, and I see no reason why the recovery of such interest is dependent upon the instruction by the trial court to the jury that, in case they find for plaintiff, that they find also interest from the date of the injury. But my brethren are of the opinion that at least the recent decisions of the Supreme Court adhere strictly to the holding in Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881, and S. A. & A. P. Ry. Co. v. Addison, 96 Tex. 61, 70 S. W. 200, and that the present holding of the Supreme Court is that the verdict of the jury on special issues is the sole source of the judgment which may be entered thereon. The majority rule that the trial court did not have the authority to enter interest from January 21, 1921, to the date of the judgment; that the plaintiff waived his right to such interest by not submitting to the court a peremptory instruction to the jury that if they found plaintiff had suffered injury by reason of the delay alleged, and was entitled to recover therefor, they would find interest at the rate of 6 per cent. from the date on which said injury was suffered to the date of judgment. Hence, this portion of the judgment will be reformed, and interest so included will be deducted from the judgment as rendered, with costs of appeal awarded against the appellee.

[3] Plaintiff testified by deposition in this case, and in said deposition he stated that the car of cattle left Wichita Falls for Fort Worth about 10:45 p. m., January 18th, and reached Fort Worth about 10 o'clock on January 19th; that they would stall on almost every grade and would stand on the siding part of the time; that the usual and customary time for making the trip from Hollister, Okl., to Fort Worth was ten hours. It is not shown how far from Wichita Falls Hollister, Okl., is, but evidently it is some distance, because it took several hours for the train to reach Wichita Falls from Hollister. It took more than ten hours for the train to make the trip from Wichita Falls to Fort Worth. Hence, there was evidently a delay in making that trip, and plaintiff, in his petition, sought only to recover by reason of the delay occurring on the defendant company's line. After the car reached Fort Worth there was some delay in its delivery to the stock yards. The market at Fort Worth closed about 11:30 a. m. The cattle were not delivered at the stock yards by the Belt Railway Company, an agent for defendant for such delivery, until the market had closed. Plaintiff testified:

"We arrived at Fort Worth, Tex., with this car load of cattle about 9 or 10 o'clock on January 19, 1921, but the railway company did not unload them until about 2 o'clock that day. I saw them in the commission company's pen about 3 o'clock. My cattle were not sold on the market of January 19, 1921, for the reason that my cattle did not arrive in the market in time to be sold that day, * * * and I understand they were not unloaded until about 2 o'clock."

Upon objection of defendant to the testimony as to when the cattle were unloaded at the stock yards, the court excluded the last paragraph above quoted. The appellant urges that the testimony shows that the witness did not know when the cattle were unloaded, and therefore his entire testimony as to that matter is hearsay and inadmissible. It does not affirmatively appear that the testimony of plaintiff as to when the cattle were unloaded at the stock yards is hearsay, and the burden of showing that such testimony was hearsay is on the appellant. He did say elsewhere that the cattle did not arrive in time to be sold on January 19th. It may be that, as disclosed by his statements, he meant to say of his own knowledge that the cattle were not delivered to the stock yards in time for the market of January 19th, but that he was not able to say exactly when they were so delivered. It would be immaterial what time in fact they were delivered to the stock yards, if the delivery was after the market had closed. The defendant not having developed testimony tending to show affirmatively that the answer of witness as to when the cattle were delivered was hearsay, we are not permitted to indulge in the presumption that his testimony on that point was based entirely upon hearsay. Railway Co. v. Sherwood, Thompson & Co., 84 Tex. 125–136, 19 S. W. 455, 17 L. R. A. 643. Therefore, all of the propositions assailing the testimony of plaintiff as to this matter

and the testimony with reference to the time reasonable and proper to make the trip from Hollister, Okl., to Fort Worth, etc., are overruled.

Without discussing each of the other propositions presented in appellant's brief, we will say that we have carefully considered them, and do not find that any of them present error, or at least reversible error. Therefore all other assignments are overruled, and the judgment is reformed, and as reformed is affirmed, costs of appeal taxed against appellee.

The writer does not formally dissent, but contents himself with the expression of his views.

### On Motion for Rehearing.

[4] Our attention is called to the fact that the appellant did not, in his motion for new trial in the court below, call the attention of the court to claimed error of allowing interest from January 21, 1921, the date the cattle were sold. Hence, we were not required to adjudge the costs of appeal against the appellee. Shippers' Compress & Warehouse Co. v. Davidson, 35 Tex. Civ. App. 558, 80 S. W. 1032, by the San Antonio Court of Civil Appeals; Moore et al. v. Wooten et al., 265 S. W. 210, by the Beaumont Court of Civil Appeals. Therefore, we conclude we erred in our original opinion and judgment in adjudging the costs of this court against appellee. We have considered appellee's further contention that we erred in denying him a recovery of such interest in a case where, like this, the cause was submitted to a jury on special issues, and no request was made for the submission of such issue, or for a peremptory instruction that, in case the jury should answer that the plaintiff had suffered loss by reason of negligence of defendant, they should find interest on the amount of such loss from the date of its occurrence. We note additional authority cited by appellee to support his contention, to wit, St. L. S. W. Ry. Co. v. Seale & Jones (Tex. Civ. App.) 247 S. W. 883, but the majority feel that they were right in the disposition of this question as made in the original opinion.

We have also considered appellant's motion for rehearing, but do not think it should be granted.

Appellee's motion for rehearing granted in part, and overruled in part. Appellant's motion for rehearing overruled.

BUCK, J., dissenting as before.

### Supplemental Opinion Withdrawing Dissent.

BUCK, J. Since writing the original opinion and the opinion on motions for rehearing, I have read the opinion of the Commission of Appeals in the case of St. L. S. W. Ry. Co. v. Seale & Jones, 267 S. W. 676, overruling the decision of the Dallas Court of Civil Appeals, 247 S. W. 883, on the question of the right of the trial court to allow interest on the amount of plaintiff's loss, where the plaintiff had prayed for such interest, but it had not been submitted to the jury. The Commission of Appeals has gone further in this decision, it seems to the writer, than any previous decision. But, until the decision has been overruled by authority of the Supreme Court, I withdraw my dissent.