**AUSTIN, Banking Com'r, v. CRIM et al.**[*]
(No. 3428.)

Court of Civil Appeals of Texas. Texarkana. Oct. 13, 1927.

Dissenting Opinion Oct. 27, 1927. Rehearing Denied Oct. 27, 1927.

**1. Husband and wife** ⊂⊃268(1)—**Community property held subject to execution to pay assessment on bank stock obtained by wife prior to marriage (Const. art. 16, § 16; Rev. St. 1925, arts. 455, 535, 4621, 4623).**

Community property *held* subject to execution to pay assessment levied by banking commissioner under Const. art. 16, § 16, and Rev. St. 1925, arts. 455, 535, on shares of stock owned by wife in insolvent bank prior to marriage, since community property is subject to payment of antenuptial debts; articles 4621, 4623, dealing with liability of community property for wife's debts, being applicable only to debts contracted after marriage.

**2. Husband and wife** ⊂⊃268(2)—**Wife's separate property is liable for her antenuptial debts.**

Separate property of wife is liable for debts contracted by her prior to marriage.

**3. Statutes** ⊂⊃225¾—**Legislature presumably had in mind decision of Supreme Court dealing with liability of community property for wife's debts when it enacted statute on subject (Rev. St. 1925, arts. 4621, 4623).**

It should be presumed by court that Legislature had in mind decision of Supreme Court dealing with liability of community property for wife's debts, and decisions following it, when it enacted Rev. St. 1925, arts. 4621, 4623, dealing with this subject.

Levy, J., dissenting.

Appeal from District Court, Gregg County; P. O. Beard, Judge.

Suit by J. L. Chapman, as Banking Commissioner, against Mrs. Maggie L. Crim and husband. Plaintiff was succeeded by Chas. O. Austin, Banking Commissioner, who conducted the prosecution of the suit in his own

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[*]Writ of error granted January 4, 1928.

name. From an adverse judgment, plaintiff appeals. Reformed, and as reformed affirmed.

October 18, 1923, the Fannin County Bank, incorporated under the laws of Texas, being insolvent (but when it became insolvent does not appear in the record), was in charge of J. L. Chapman, then banking commissioner, for liquidating purposes. As authorized by law (articles 455 and 535, R. S. 1925; Const. art. 16, § 16), said Chapman, as such commissioner, on October 24, 1923, levied an assessment of 100 per cent. on the par value of the capital stock of the bank to obtain money necessary to pay its debts. Appellee Mrs. Maggie L. Crim then owned 50 shares (of the par value of $100 each) of said stock, and the assessment against her amounted to $5,000. She failed to pay the assessment; whereupon this suit to enforce payment thereof was commenced and prosecuted against her and her husband, appellee J. T. Crim, by said J. L. Chapman as banking commissioner. The prosecution of the suit was continued by appellant, Austin, after he succeeded said Chapman as banking commissioner. It was alleged, and at the trial conceded to be true, that Mrs. Crim became the owner of the stock before she married said J. T. Crim, and at a time when she was a single woman. Appellant's contention was that he was entitled to judgment against Mrs. Crim for the amount of the assessment, and to have same satisfied out of her separate estate and her interest in the community property between her and said J. T. Crim. Mrs. Crim's contention was that appellant was not entitled to have such a judgment against her so satisfied, but was entitled to have same satisfied only out of her separate property and the income, rents, and revenues thereof and her personal earnings. The trial court thought Mrs. Crim's contention should be sustained, and in rendering judgment for appellant against her for the amount of the assessment provided that it should "only be made (quoting) out of her separate property and the incomes, rents, and revenues therefrom and her personal earnings of the community as now provided by law in such cases." J. T. Crim was a mere pro forma party to the suit, and the judgment was neither for nor against him.

Henry G. Evans and S. F. Leslie, both of Bonham, for appellant.

Young & Stinchcomb, of Longview, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] It appears in the record sent to this court that the parties agree that the only question presented "is (quoting) one of law as follows: Is the interest of the wife in the community property subject to the payment of her antenuptial debts, and should the judgment of the court direct that execu-

tion be levied upon her interest in community property?" We think the question should be answered in the affirmative.

[2] The common-law rule that made the husband and not the wife liable for debts contracted by the latter before her marriage (30 C. J. 585) seems never to have been law in Texas (Howard v. North, 5 Tex. 290, 51 Am. Dec. 769; Nash v. George, 6 Tex. 234). In this state, as the separate property of the husband has always been liable for debts he contracted before marriage, so the separate property of the wife has always been liable for debts she so contracted. Roundtree v. Thomas, 32 Tex. 286; Tarlton v. Weir, 1 White & W. Civ. Cas. Ct. App. § 142; Muse v. Burns, 3 Willson, Civ. Cas. Ct. App. § 73. In Portis v. Parker, 22 Tex. 699, it was held that the community property also was liable for such debts of the husband; and in Taylor v. Murphy, 50 Tex. 291, and Dunlap v. Squires (Tex. Civ. App.) 186 S. W. 843, it was held that such property likewise was liable for such debts of the wife. And see Moody v. Smoot, 78 Tex. 119, 14 S. W. 285; Lee v. Henderson, 75 Tex. 190, 12 S. W. 981; and Evans v. Breneman (Tex. Civ. App.) 46 S. W. 80.

It is apparent from what has been said that the conclusion reached by us that the question should be answered in the affirmative is correct, unless the rule established by the decision in Taylor v. Murphy and cases cited following same has been changed by statutes since enacted. It was claimed (and it seems the trial court thought) the rule was so changed by parts of the Revised Statutes of 1925 as follows:

"Art. 4621.—The community property of the husband and wife shall not be liable for debts or damages resulting from contracts of the wife except for necessaries furnished herself and children, unless the husband joins in the execution of the contract."

"Art. 4623.—Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children. The wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

If the suit had been for a liability of Mrs. Crim created after and while she and J. T. Crim were married, it is plain the community property between them other than her personal earnings and the income, rents, and revenues from her separate property specified in article 4623, above, could not have been subjected to the satisfaction thereof; for, the liability not being for necessaries furnished her or her children, the inhibition in the statute would have applied. But did it apply, the liability not having been created while she was a wife, but when she was a

single woman? We think not; for we think the statute should be construed as applicable only to debts contracted by a woman while she is a wife, and not to debts contracted by her when she was feme sole.

[3] The statute in question is an amendment of the Act March 13, 1848 (Paschal's Digest, art. 4642), in force at the time Taylor v. Murphy and cases (except Dunlap v. Squires) referred to as following it were decided. It was declared in said act that community property should be "liable for the debts of the husband, and for the debts of the wife, contracted during the marriage for necessaries." That, in legal effect, was a declaration that community property should not be liable for the antenuptial debts of a wife. Mercein v. Burton, 17 Tex. 206. Yet it was held in Taylor v. Murphy that such property was liable for such debts. Assuming, as we should (Wright v. Tipton, 92 Tex. 168, 46 S. W. 629), that, when the Legislature amended the statute, it had the ruling in Taylor v. Murphy and cases following it in mind, we think it reasonable to conclude, if it intended the inhibition in the amendment to apply to antenuptial debts of a wife, it would have said so.

The judgment will be so reformed as to provide that community property of the marriage between Mrs. Crim and her husband, J. T. Crim, other than that specified therein, shall also be subject to the payment thereof, and as so reformed it will be affirmed.

LEVY, J. (dissenting). It is believed that the trial court correctly decided the instant case, and that the judgment should be affirmed, in view of pertinent portions of the present statute (articles 4621–4623, Rev. Stat.), differing from the former statutes. The liability of the community estate for antenuptial debts of the wife is regarded as modified by the present statute, and regulated differently. In consequence, the case of Taylor v. Murphy, 50 Tex. 291, construing former statutes, becomes inapplicable. The present statute undertakes to impose liability and to limit such liability upon the community property for the wife's "debts," which include antenuptial debts, to the portion only as named of "the personal earnings of the wife, and the income, rents, and revenues from her separate property." The article means to affirmatively declare that, as such named property becomes the wife's contribution to the common estate, her debts, except for "necessaries," must be paid out of it. It works out for the right, and imposes no legal hardship upon either the husband or the wife.

It was within the power of the Legislature to exempt a portion of the community property and to make liable a given portion only for the wife's antenuptial debts. The Supreme Court determined that the Legisla-

ture, in view of the Constitution, did not have power to make earnings or income, rents, and revenues of separate property of the wife her separate property, and that such property was community property. Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799. But the court further expressly determined, and correctly so, that the Legislature had the authority to define the wife's rights in the common property, and to "confide the management, control, and disposition thereof to the wife alone" as respects the specified part. The court further determined that the Legislature "could exempt, not only her separate property, but said portions of the community, from payment of the husband's debts." The converse is legally true, that the liability of the community property for the payment of the wife's debts, antenuptial as well as other debts contracted by her except for "necessaries," may be limited to certain portions specially named, and the other portions exempted therefrom. It is thought that is the purpose and intention of the present enactment, and that it should be so construed.